United States District Court
Southern District of Texas
**ENTERED**
March 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER LAW and LUCINDRA LAW, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2675 |
| OCWEN LOAN SERVICING, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion for Leave to Amend Pleadings (Docket Entry No. 13). For the reasons stated below, the motion will be granted in part and denied in part.

### I. Factual and Procedural Background

Plaintiffs Roger Law and Lucindra Law ("Plaintiffs") allege that on September 29, 2005, they purchased property at 4115 Woodlake Lane, Missouri City, Texas ("the Property").[1] Plaintiffs' initial lender sold their loan to U.S. Bank N.A., as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2006-AM1, Mortgage Pass-Through Certificates, Series 2006-AM1 ("U.S. Bank"). Their loan was then serviced by defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"). On December 3, 2013, U.S. Bank purchased the Property in a non-judicial foreclosure sale.

---

[1]Plaintiffs' Original Petition, Factual Background, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, pp. 6-8.

On October 13, 2014, U.S. Bank filed suit to evict Plaintiffs. On October 27, 2014, Ocwen sold the Property to a third party. But on October 30, 2014, U.S. Bank's attorneys, Mackie Wolf Zientz & Mann, PC ("MWZM"), allegedly represented to the court that U.S. Bank still owned the Property. The trial court ruled in favor of U.S. Bank. Plaintiffs appealed. On appeal, U.S. Bank again allegedly represented that it owned the Property. Plaintiffs were evicted in March of 2015.

Plaintiffs filed suit against Ocwen and MWZM[2] in the 434th Judicial District Court of Fort Bend, Texas, asserting claims of negligence and statutory fraud arising from the statements made in state court. Defendant Ocwen timely removed the case to this court.[3] Plaintiffs now move to amend their Original Petition to allege a claim for common law fraud and to seek additional remedies.[4]

## II. Standard of Review

Decisions concerning motions to amend are "entrusted to the sound discretion of the district court . . . ." Quintanilla v. Texas Television Inc., 139 F.3d 494, 499 (5th Cir. 1998) (quoting

---

[2]The attorneys have since been dismissed. See Order Granting Mackie Wolf Zientz & Mann, PC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Docket Entry No. 8.

[3]Notice of Removal, Docket Entry No. 1.

[4]Plaintiffs' Motion for Leave to Amend Pleadings ("Motion to Amend"), Docket Entry No. 13; Plaintiffs' Amended Original Petition ("Amended Petition"), Docket Entry No. 14, pp. 13-14.

Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993)). But "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court must possess a "substantial reason" to deny a request for leave to amend. Lyn-Lea Travel Corp. v. American Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002) (quoting Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985)). The Supreme Court has provided five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 83 S. Ct. 227, 230 (1962)). If a proposed amendment could not survive a Rule 12(b)(6) motion to dismiss, amendment would be futile. See Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003) (citing Lewis v. Fresne, 252 F.3d 352, 360 n.7 (5th Cir. 2001)).

### III. Analysis

A. Common Law Fraud Claim

Under Texas law the elements of a common law fraud claim are:

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001) (citing Formosa Plastics Corp. v. Presidio Engineers & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998)). When pleading fraud in a federal complaint, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Plaintiffs' proposed Amended Petition fails to support a claim for common law fraud. Neither Plaintiffs' claim itself, which merely lists the elements of common law fraud, nor the facts alleged support an action for fraud. As a preliminary matter the court notes that Plaintiffs attribute the alleged fraud variously to U.S. Bank, MWZM, and Ocwen, making more difficult the court's task of determining whether the requisite knowledge and intent is attributed to the proper party.[5]

Turning to the elements themselves the court concludes that Plaintiffs fail to state a claim for common law fraud. Plaintiffs

---

[5]See, e.g., Amended Petition, Docket Entry No. 14, p. 3 ¶¶ 5.4, 5.5, & 5.6; p. 8 ¶ 5.17:

> On October 30, 2014, during a trial to the bench, attorneys from MWZM, <u>upon Ocwen's instruction</u>, presented sworn evidence and represented to the Court that U.S. Bank owned the property in question. . . . During the trial of this matter on February 4, 2015, Attorney <u>Rex Kesler, an agent of Defendant MWZM[,] misrepresented to the Court</u> that U.S. Bank owned the property in question and offered sworn testimony to that effect, when in fact, the Bank hadn't owned the property since October 27, 2014. . . . <u>U.S. Bank obtained the wrongful eviction by committing fraud on the Courts and on the parties.</u>

(emphases added).

first fail to adequately allege that the representations were material. Plaintiffs concede that U.S. Bank purchased the property at a foreclosure sale. Because Plaintiffs do not argue that they had a superior right of possession, it is not clear whether any alleged misrepresentation was material. Second, Plaintiffs do not allege what specific misrepresentations were made by Ocwen and when, as opposed to the statements made in court by U.S. Bank's lawyers.[6] Without knowing when Ocwen represented any facts about the ownership of the Property, it cannot be determined whether the representation was false when made. Third, Plaintiffs do not allege that Ocwen directed any misrepresentations toward Plaintiffs, as opposed to the court. Nor do Plaintiffs allege any facts that would support a finding that Ocwen intended Plaintiffs, rather than the court, to rely on the alleged misrepresentations. Moreover, Plaintiffs do not specify in what manner they acted in reliance upon Ocwen's statements. Plaintiffs make the conclusory allegation that they "relied on the representations to their detriment" without further explanation in support of their negligence claim.[7] Nor do Plaintiffs allege that their own reliance resulted in their injury. In sum, Plaintiffs fail to plead adequate facts to support several of the elements of a common law fraud claim.

---

[6] "On October 30, 2014, during a trial to the bench, attorneys from MWZM, upon Ocwen's instruction, presented sworn evidence and represented to the Court that U.S. Bank owned the property in question." Amended Petition, Docket Entry No. 14, p. 3 ¶ 5.4.

[7] Id. at 11 ¶ 6.4.

Plaintiffs also make several references to a "fraud on the court."[8]

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., . . . 64 S. Ct. 997 . . . (1944); Root Refining Co. v. Universal Oil Products, 169 F.2d 514 (3d Cir. 1948); 7 J. Moore, Federal Practice, ¶ 60.33 at 510-11. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. See Kupferman v. Consolidated Research & Mfg. Co., 459 F.2d 1072 (2d Cir. 1972); see also England v. Doyle, 281 F.2d 304, 310 (9th Cir. 1960).

Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (quoting United States v. International Telephone & Telegraph Corp., 349 F. Supp. 22, 29 (D. Conn. 1972), aff'd without opinion, 93 S. Ct. 1363 (1973)). To establish fraud on the court, "it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." First National Bank of Louisville v. Lustig, 96 F.3d 1554, 1573 (5th Cir. 1996) (quoting Rozier, 573 F.2d at 1338) (internal quotation marks and citation omitted). Even accepting as true Plaintiffs' allegations, the alleged misrepresentations do not rise to the level of fraud on the court. Ocwen's alleged nondisclosure of the subsequent sale of the property, even if material, is not evidence of an unconscionable plan or scheme designed to improperly influence the court. Because Plaintiffs have not pled specific facts sufficient to support a claim for common law fraud against Ocwen, the proposed amendment

---

[8] Id., p. 3 ¶ 5.6, p. 4 ¶ 5.11, p. 8 ¶ 5.17, and p. 13 ¶ 7.2.

would be futile. Plaintiffs' Motion to Amend will therefore be denied as to the additional cause of action.

## B. Additional Remedies

Plaintiffs also seek leave to amend their Original Petition to seek additional remedies in the form of declaratory relief and attorney's fees. Defendant argues that "because Plaintiffs have not asserted any viable causes of action against Defendant in the proposed Amended Complaint based on the alleged common-law fraud claim, Plaintiffs' requested declaratory relief should be denied."[9] But Defendant fails to argue that the remedies sought by Plaintiffs are unavailable should Plaintiffs prevail on their remaining claims. Because the additional remedies sought by Plaintiffs are not limited to their common law fraud claim, leave to amend will be granted as to these remedies.

## IV. Conclusion and Order

For the reasons stated above, the court concludes that an amendment to add a claim for common law fraud would be futile. Plaintiffs' proposed amendment is otherwise permissible. Plaintiffs' Motion for Leave to Amend Pleadings (Docket Entry No. 13) is therefore **GRANTED in part** and **DENIED in part**.

SIGNED at Houston, Texas, on this 28th day of March, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[9]Defendant's Response in Opposition to Motion for Leave to Amend Pleadings, Docket Entry No. 17, p. 5.