IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER LAW and LUCINDRA LAW, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2675 |
| OCWEN LOAN SERVICING, LLC, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Docket Entry No. 23). Although the motion was filed on April 11, 2017, Plaintiffs, Roger Law and Lucindra Law, have not responded to it. For the reasons explained below, Ocwen Loan Servicing's ("Ocwen") Motion to Dismiss will be granted.

### I. Factual and Procedural Background

Plaintiffs Roger Law and Lucindra Law ("Plaintiffs") allege that on September 29, 2005, they purchased property at 4115 Woodlake Lane, Missouri City, Texas ("the Property").[1] Plaintiffs' initial lender sold their loan to U.S. Bank N.A., as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2006-AM1, Mortgage Pass-Through Certificates, Series 2006-AM1 ("U.S.

---

[1] Plaintiffs' Original Petition, Factual Background, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, pp. 6-8.

Bank"). Their loan was then serviced by defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"). On December 3, 2013, U.S. Bank purchased the Property in a non-judicial foreclosure sale.

On October 13, 2014, U.S. Bank filed suit to evict Plaintiffs. On October 27, 2014, Ocwen sold the Property to a third party. But on October 30, 2014, U.S. Bank's counsel, Mackie Wolf Zientz & Mann, PC ("MWZM"), allegedly represented to the court that U.S. Bank still owned the Property. The trial court ruled in favor of U.S. Bank. Plaintiffs appealed. On appeal, U.S. Bank allegedly represented again that it owned the Property. Plaintiffs were evicted in March of 2015.

Plaintiffs filed suit against Ocwen and MWZM[2] in the 434th Judicial District Court of Fort Bend, Texas, asserting claims of negligence and statutory fraud arising from the statements made in state court. Defendant Ocwen timely removed the case to this court.[3] Plaintiffs moved to amend their Original Petition to allege a claim for common law fraud and to seek additional

---

[2]The attorneys have since been dismissed. See Order Granting Mackie Wolf Zientz & Mann, PC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Docket Entry No. 8.

[3]Notice of Removal, Docket Entry No. 1.

remedies, which the court granted in part and denied in part.[4] Ocwen now moves to dismiss for failure to state a claim.

## II. Standard of Review

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted

---

[4]Plaintiffs' Motion for Leave to Amend Pleadings ("Motion to Amend"), Docket Entry No. 13; Plaintiffs' Amended Original Petition ("Amended Petition"), Docket Entry No. 14, pp. 13-14. Because Plaintiffs have not filed an amended complaint that conforms with the court's earlier opinion (Docket Entry No. 20), the court will refer to Docket Entry No. 14 as Plaintiffs' live pleading with the exception of the claim for common-law fraud.

-3-

deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

### III. Analysis

As a preliminary matter, it is not clear from Plaintiffs' pleadings exactly which alleged misrepresentations were made by whom.[5] Plaintiffs allege that "attorneys from MWZM, <u>upon Ocwen's instruction</u>, presented sworn evidence and represented to the Court that U.S. Bank owned the property in question."[6] Plaintiffs then allege that counsel from MWZM were "the Bank's lawyers."[7] Elsewhere in the pleadings Plaintiffs allege that "Defendants Ocwen and MWZM in the course of the foreclosure action and subsequent

---

[5]The court notes that both parties' briefing leaves much to be desired. Plaintiffs' drafting and formatting render portions of their Amended Complaint virtually incoherent. Ocwen's Motion to Dismiss makes generic and inapplicable arguments against Plaintiffs' negligence claims and addresses a nonexistent breach-of-contract claim while failing to address Plaintiffs' statutory fraud claim.

[6]Plaintiffs' Amended Complaint, Docket Entry No. 14, p. 3 ¶ 5.4 (emphasis added).

[7]Id.

eviction proceeding made [sic] and represented to the Plaintiffs and to the courts that they were in fact the party in interest respectively when in fact they no longer owned the property."[8] For the purposes of Defendant's 12(b)(6) motion, and for the benefit of Plaintiffs, the court will assume that the alleged misrepresentations are ultimately attributable to Ocwen. But Plaintiffs are far from clear on this point.

A.  **Negligent Misrepresentation**

Negligent misrepresentation cases typically arise from representations or evaluations made in a transactional context. See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 793 (Tex. 1999).

> The elements of a cause of action for the breach of this duty are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991).

The facts pled by Plaintiffs fail to support a claim for negligent misrepresentation. The allegedly false representations were not made in the course of Ocwen's business as a loan servicer. Nor were they made for the guidance of Plaintiffs in their

---

[8] Id. at 9, ¶ 6.2.

business. The representations were made by an adverse party in the context of litigation. "Generally, courts have acknowledged that a third party's reliance on an attorney's representation is not justified when the representation takes place in an adversarial context." F.E. Appling, 991 S.W.2d at 794. Similar reasoning applies to representations made directly by adverse parties.

B. **Statutory Fraud**[9]

Plaintiffs allege that Ocwen's misrepresentations violated Texas Civil Practice and Remedies Code § 12.002, which provides liability for fraudulent claims against real property. Plaintiffs' statutory fraud claim fails as a matter of law.

> To state a claim under Section 12.002, a plaintiff must plead facts showing that the defendant (1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 783 (5th Cir. 2015) (citations omitted). Plaintiffs acknowledge that U.S. Bank purchased the Property at a non-judicial foreclosure sale.[10] And Plaintiffs allege that Ocwen sold the property after the

---

[9]As noted in footnote 6, supra, Ocwen's Motion to Dismiss does not address Plaintiffs' statutory fraud claim. The court, finding Plaintiffs' claim for statutory fraud fails as a matter of law, addresses it sua sponte. Ocwen's counsel is warned, however, that the court will not do its research in the future.

[10]Plaintiffs' Amended Complaint, Docket Entry No. 14, p. 2 ¶ 5.2.

eviction suit had been filed.[11] Although the court could find no Texas cases addressing the effect of selling a property after initiating an eviction proceeding, sellers may, as a general rule, maintain an eviction proceeding under those circumstances. 47 A.L.R.2d 1170 (Originally published in 1956) ("A conveyance of the premises during the pendency of a forcible detainer or similar summary possessory action seems . . . not to deprive the original landowner of the right to maintain the action."). Moreover, even assuming that U.S. Bank had no claim after transferring the property to a third party or that it misrepresented its ownership status to the court, Plaintiffs fail to plead that Ocwen, or any other party to the eviction proceeding, made the alleged misrepresentations to the state court with the intent to cause Plaintiffs injury or mental anguish.

### IV. Conclusion and Order

For the reasons discussed above, Plaintiffs have failed to state a claim for negligent misrepresentation. Defendants' Motion to Dismiss and Brief in Support (Docket Entry No. 23) is therefore **GRANTED**. Because Ocwen failed to address Plaintiffs' statutory fraud claim, the court evaluated that claim sua sponte. "[A] district court may dismiss a claim on its own motion as long as the procedure employed is fair." Davoodi v. Austin Independent School District, 755 F.3d 307, 310 (5th Cir. 2014)(citations and internal quotation marks omitted). Plaintiffs have already been given one

---

[11]Id. at 3, ¶¶ 5.3, 5.5.

opportunity to amend their pleadings and have failed to respond to Ocwen's Motion to Dismiss or to take <u>any</u> action other than substituting counsel since January 20, 2017. This opinion serves as fair notice to Plaintiffs of the court's intent to **dismiss this action with prejudice** unless Plaintiffs respond with argument or authority contrary to the court's <u>sua sponte</u> analysis of their statutory fraud claim by June 9, 2017.

**SIGNED** at Houston, Texas, on this 26th day of May, 2017.

                                                             _____
                                                             SIM LAKE
                                                             UNITED STATES DISTRICT JUDGE